# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JONATHAN SLAIKEU, | |
| Plaintiff, | |
| v. | |
| SGT. H. MCCLENAHAN, et al., | Case No. 3:23-cv-00052-JMK |
| SGT. H. MCCLENAHAN, et al., | Case No. 3:23-cv-00086-JMK |
| SGT. L. DEBOARD, et al., | Case No. 3:23-cv-00118-JMK |
| Defendants. | |

## NOTICE OF INTENT TO DISMISS

Pending before the Court are the three above-captioned civil actions filed by self-represented prisoner Jonathan Alexander Slaikeu ("Plaintiff"). Plaintiff filed applications to proceed without paying the filing fee in each case. Upon the Court's review, the Court finds these cases to be interrelated. Plaintiffs' claims for relief in each action are fundamentally similar, repeat or reference allegations previously raised in other actions, and contain copies of duplicative documents. Accordingly, these actions will be evaluated and addressed collectively. The Court now screens Plaintiff's filings in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or

officer or employee of a governmental entity, even if the filing fee has been paid.[1] In this screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[2]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[3] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[4]

## DISCUSSION

Plaintiff alleges Defendants denied him access to the law library, access to the courts, retaliated against him for filing grievances, violated his due process rights, and subjected him to cruel and unusual punishment. In each action, Plaintiff filed additional documents including motions, notices, declarations, and DOC

---

[1] 28 U.S.C. §§ 1915, 1915A.

[2] 28 U.S.C. § 1915(e)(2)(B).

[3] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[4] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:23-cv-00052-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00086-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00118-JMK, *Slaikeu v. Deboard, et al.*
Notice of Intent to Dismiss
Page 2 of 13

Case 3:23-cv-00052-JMK   Document 12   Filed 10/17/23   Page 2 of 13

records. During screening, the Court is not required "to wade through exhibits to determine whether cognizable claims have been stated."[5] However, the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[6] The Court takes judicial notice of the other lawsuits filed by Plaintiff to the extent they are relevant herein.[7]

I. **Plaintiff May Not Bring Claims on Behalf of Other Prisoners**

Plaintiff filed a motion to amend his complaint requesting the Court allow him to bring a class action on behalf of other prisoners.[8] Ten days later, before receiving a response from the Court, Plaintiff filed an amended complaint and exhibits (totaling 103 pages) on behalf of himself and four other prisoners.[9] A non-attorney self-represented litigant may represent only his own interests[10] and has "no authority to appear as an attorney for others than himself."[11] Plaintiff cannot

---

[5] *Woodrow v. Cty. of Merced*, No. 1:13-cv-01505-AWI, 2015 WL 164427, at *4 (E.D. Cal. 2015).

[6] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (11th ed. 2019); a court can take judicial notice of its own files and records. Fed. R. Evid. 201.

[8] Case No. 3:23-cv-00118-JMK, Docket 4.

[9] Case No. 3:23-cv-00118-JMK, Docket 5.

[10] 28 U.S.C. § 1654.

[11] See *Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs). *See also* Fed. R. Civ. P. 11 (filings that do not include the original signature of the filing self-represented party cannot be considered by the Court).

Case No. 3:23-cv-00052-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00086-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00118-JMK, *Slaikeu v. Deboard, et al.*
Notice of Intent to Dismiss
Page 3 of 13

Case 3:23-cv-00052-JMK   Document 12   Filed 10/17/23   Page 3 of 13

bring claims on behalf of other individual prisoners and may not represent a class of prisoners in a class action. Accordingly, the Court only considers the claims affecting Plaintiff personally.

## II.     Plaintiff Fails to State any Viable Claims

A complaint fails to state a claim upon which relief may be granted if it appears that the Plaintiff can prove no set of facts in support of the claim that would entitle him to relief.[12] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[13] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[14] Factual allegations may not be speculative; rather, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15]

### A.     Access to courts

The Court has previously provided Plaintiff with information regarding stating access-to-courts and retaliation claims and refers Plaintiff to the Court's order in Case No. 3:23-cv-00053 at Docket 11, which is attached for Plaintiff's

---

[12] *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).

[13] Federal Rule of Civil Procedure 8(a)(2).

[14] *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[15] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Case No. 3:23-cv-00052-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00086-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00118-JMK, *Slaikeu v. Deboard, et al.*
Notice of Intent to Dismiss
Page 4 of 13

convenience.  Plaintiff's claims regarding access to courts are denied for the same reasons.  Plaintiff has not demonstrated he suffered an actual injury from the alleged delay in access to the prison's computers.

Plaintiff claims the lack of computer access from "October 2022 until January 26, 2023" caused him to miss his deadlines in *Slaikeu v. Alaska Dept. of Corrections, et al.,* Case No. 3:22-cv-00188-RRB, which "was dismissed for being time barred."[16]  However, Plaintiff's "missed deadline" leading to the dismissal was the statute of limitations which expired years before the alleged computer outage.  A review of the Court's record shows Plaintiff filed the complaint in that case on August 23, 2022, and the Court dismissed his case on February 1, 2023.  There is no indication the Court would have reached a different conclusion in the absence of the alleged delay between the time he filed the case and when it was dismissed.

As explained in the Court's order, the case was dismissed as time barred because it was filed well past the two-year statute of limitations, and the Court found no reason to toll the deadline.[17]  Further, even if Plaintiff had filed that case earlier, it was barred by *res judicata* due to a final judgment in the state court.[18]  The Court found amendment would be futile and did not grant Plaintiff leave to

---

[16] Case No. 3:23-cv-00052-JMK, Docket 1 at 4–6.

[17] Case No. 3:22-cv-00188-RRB, Docket 15 at 4–5.

[18] Case No. 3:22-cv-00188-RRB, Docket 15 at 6–8.

Case No. 3:23-cv-00052-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00086-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00118-JMK, *Slaikeu v. Deboard, et al.*
Notice of Intent to Dismiss
Page 5 of 13

Case 3:23-cv-00052-JMK   Document 12   Filed 10/17/23   Page 5 of 13

amend. Therefore, other than the statute of limitations applicable to all actions, Plaintiff had no filing deadlines in Case No. 3:22-cv-00188-RRB. So, not only did Plaintiff not miss any deadlines, but he filed eight additional documents in that case during the alleged computer outage from October 2022–January 26, 2022.[19] Additionally, even if the Court had given Plaintiff a filing deadline, a party may always request an extension of time to file for good cause.[20] Finally, Plaintiff notified the Court he was transferred while the case was pending and appears to not even have been incarcerated in the Spring Creek Correctional Center between October 18, 2022, and December 5, 2022, a significant portion of the alleged outage.[21]

Plaintiff has not alleged facts that, if proven, would establish that Plaintiff's access to the Court was actually restricted as a result of Defendant's conduct. Accordingly, Plaintiff has not established he suffered an actual injury to support a plausible access to courts claim.

---

[19] *See* Case No. 3:22-cv-00188-RRB, Docket 7 (Amended Complaint filed 10/28/2022); Docket 8 (Motion to Remove Defendants filed 10/28/2022); Docket 9 (Notice of Change of Address 11/04/2022); Docket 10 (Notice of Change of Address filed 11/14/2022); Docket 11 (Additional Related Document filed 11/14/2022); Docket 12 (Notice of Change of Address filed 11/28/2022); Docket 13 (Notice of Change of Address filed 12/09/2023); Docket 14 (Amended Complaint filed 12/20/2022).

[20] *See* Local Civil Rules 7.1 and 7.3.

[21] *See* Case No. 3:22-cv-00188-RRB, Dockets 9–10 and 12–13.

Case No. 3:23-cv-00052-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00086-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00118-JMK, *Slaikeu v. Deboard, et al.*
Notice of Intent to Dismiss
Page 6 of 13

### B. Access to law library & cruel and unusual punishment

Plaintiff alleges he was subjected to cruel and unusual punishment because he was required to choose between using the law library, engaging in recreation, or working.[22] Although the existence of a law library "does not provide for meaningful access to the courts if the inmates are not allowed a reasonable amount of time to use the library," jail or prison officials may impose reasonable regulations "regarding the time, place, and manner in which library facilities are used."[23] The Supreme Court has held that it is legitimate to worry about potential "drain on scarce . . . resources,"[24] and the access right is not is not "an abstract, freestanding right to a law library or legal assistance."[25] The fact that a prisoner must wait for a turn to use the library, limit his time in the library, or choose between the library and other activities, does not necessarily mean that he has been denied meaningful access to the courts. Nor are deprivations of this kind considered punishment.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies broad and idealistic concepts of dignity, civilized

---

[22] Case No. 3:23-cv-00118-JMK, Docket 1 at 3–4.

[23] *Lindquist v. Idaho State Bd. of Corr.,* 776 F.2d 851, 858 (9th Cir. 1985).

[24] *O'Lone v. Est. of Shabazz,* 482 U.S. 342, 353 (1987).

[25] *Lewis v. Casey,* 518 U.S. 343, 351 (1996).

Case No. 3:23-cv-00052-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00086-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00118-JMK, *Slaikeu v. Deboard, et al.*
Notice of Intent to Dismiss
Page 7 of 13

Case 3:23-cv-00052-JMK   Document 12   Filed 10/17/23   Page 7 of 13

standards, humanity and decency."[26] Prison officials, "may not, for example, use excessive physical force against prisoners."[27] Prison officials are also required to provide humane conditions of confinement, ensure that inmates receive adequate food, clothing, shelter, and medical care, and "take reasonable measures to guarantee the safety of the inmates."[28] However, the Constitution "does not mandate comfortable prisons."[29] To the extent that some conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.[30]

To state a plausible Section 1983 claim against a prison official for a violation of the Eighth Amendment, a prisoner must "objectively show that he was deprived of something sufficiently serious [and] make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety."[31] The Eighth Amendment is implicated in the prison work context only when a prisoner employee alleges that a prison official compelled him to perform physical

---

[26] *Estelle v. Gamble,* 429 U.S. 97, 102 (1976) (citation and internal quotation marks omitted); *see also Hutto v. Finney,* 437 U.S. 678, 685 (1978); *Spain v. Procunier*, 600 F.2d 189, 200 (9th Cir. 1979).

[27] *Hudson v. McMillian*, 503 U.S. 1 (1992).

[28] *Hudson v. Palmer,* 468 U.S. 517, 526–527 (1984).

[29] *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981).

[30] *Id.* at 347.

[31] *Foster v. Runnels,* 554 F.3d 807, 812 (9th Cir. 2009).

Case No. 3:23-cv-00052-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00086-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00118-JMK, *Slaikeu v. Deboard, et al.*
Notice of Intent to Dismiss
Page 8 of 13

labor beyond his strength, endangered his life or health, or caused undue pain.[32] Additionally, while deprivation of outdoor exercise constitutes something "sufficiently serious" in the context of the Eighth Amendment,[33] in deciding whether a deprivation of outdoor exercise constitutes a violation of the Eighth Amendment, courts in the Ninth Circuit consider "(1) the opportunity to be out of the cell, (2) the availability of recreation within the cell, (3) the size of the cell, and (4) the duration of confinement."[34]

Plaintiff has not demonstrated he was deprived out-of-cell time; rather he chose to spend his time in the law library instead of engaging in other opportunities. Although the Court appreciates Mr. Slaikeu's efforts to conduct thorough legal research, the access right does not require states to turn prisoners into litigating machines or provide ideal access to the courts.[35] Plaintiff has failed to state a plausible claim for violation of his access right or for cruel and unusual punishment.

---

[32] *Berry v. Bunnell,* 39 F.3d 1056, 1057 (9th Cir. 1994).

[33] *See, e.g.*, *Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (stating that prison officials may violate an inmate's Eighth Amendment rights when they deprive him of "a single identifiable human need such as food, warmth, or exercise"); *Thomas v. Ponder*, 611 F.3d 1144, 1151 (9th Cir. 2010) ("We have consistently held that 'ordinarily the lack of outdoor exercise for extended periods is a sufficiently serious deprivation' for Eighth Amendment purposes." (quoting *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993)).

[34] *Henrickson v. Nevada*, 2021 WL 1603965, at *1 (D. Nev. 2021) (quoting *Norbert v. S.F. Sheriff's Dep't*, 2020 WL 8675997, at *18 (N.D. Cal. 2020)).

[35] *Lewis*, 518 U.S. at 356.

Case No. 3:23-cv-00052-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00086-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00118-JMK, *Slaikeu v. Deboard, et al.*
Notice of Intent to Dismiss
Page 9 of 13

Case 3:23-cv-00052-JMK   Document 12   Filed 10/17/23   Page 9 of 13

### C. Retaliation

Plaintiff again asserts Defendants are retaliating against him by denying his grievances and denying him access to the grievance procedure. As previously explained, denial of a grievance is not a retaliatory action for purposed of a First Amendment claim.[36] Further, the included DOC records show that several of Mr. Slaikeu's grievances and appeals were accepted, investigated, and reviewed through multiple administrative levels. Mr. Slaikeu has not stated a plausible claim for retaliation, and the Court finds amendment would be futile. However, because Mr. Slaikeu alleges Defendants are attempting to thwart his litigation efforts by preventing him from exhausting his administrative remedies, the Court provides Plaintiff with some information regarding the exhaustion requirement below.

### D. **Exhaustion of administrative remedies**

Before challenging prison conditions under Section 1983, a prisoner must exhaust "such administrative remedies as are available."[37] However, exhaustion is not a jurisdictional requirement for bringing an action.[38] This means a prisoner

---

[36] *See* Case No. 3:23-cv-00053-JMK, Docket 11 at 10-12.

[37] 42 U.S.C. § 1997e(a). *But see* 42 U.S.C. § 1997e(c)(2) (where court concludes claim is frivolous, fails to state a claim, or is brought against defendants who are immune from suit for damages, the court may dismiss without first requiring exhaustion).

[38] *Rumbles v. Hill*, 182 F.3d 1064, 1067–68 (9th Cir. 1999), *overruled on other grounds by Booth*, 532 U.S. 731. *See also Saddozai*, 35 F.4th at 709 ("A lack of PLRA exhaustion is a non-jurisdictional affirmative defense.").

Case No. 3:23-cv-00052-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00086-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00118-JMK, *Slaikeu v. Deboard, et al.*
Notice of Intent to Dismiss
Page 10 of 13

Case 3:23-cv-00052-JMK   Document 12   Filed 10/17/23   Page 10 of 13

is not required to specifically plead or demonstrate exhaustion in his complaint.[39] Rather, a prisoner's failure to exhaust is an affirmative defense that defendants must raise and prove.[40] Further, failure to exhaust may be excused in certain circumstances.[41]

## III. AMENDMENT is Futile

If a court dismisses a complaint, then as a general rule, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."[42] In making this determination, a court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and

---

[39] *Jones v. Bock,* 549 U.S. 199, 212–17 (2007).

[40] *Nunez v. Duncan,* 591 F.3d 1217, 1223–26 (9th Cir. 2010) (explaining that lack of exhaustion must be raised as a defense, and that failure to exhaust may be excused in certain circumstances).

[41] *Williams v. Paramo,* 775 F.3d 1182, 1191 (9th Cir. 2015) (explaining "a defendant must first prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy. . . . Then, the burden shifts to the plaintiff, who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him by showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile. . . . The ultimate burden of proof, however, remains with the defendants.") (internal quotation marks and citation omitted).

[42] *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Case No. 3:23-cv-00052-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00086-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00118-JMK, *Slaikeu v. Deboard, et al.*
Notice of Intent to Dismiss
Page 11 of 13

Case 3:23-cv-00052-JMK   Document 12   Filed 10/17/23   Page 11 of 13

futility of the proposed amendment."[43]  A district court may on its own initiative dismiss a complaint prior to responsive pleadings if the complaint is frivolous.[44]

Based on the allegations in the filing and the information in the included attachments, it plainly appears plaintiff will be unable to state a valid claim against any of the named defendants.  Under these circumstances, granting leave to amend would be futile.  Therefore, the Court must dismiss the complaints without leave to amend.  When a federal district court dismisses a prisoner's action at screening, a prisoner plaintiff must be given a strike.[45]  After three strikes, a prisoner plaintiff may no longer bring suits in federal courts without prepayment of the filing fee unless the prisoner can demonstrate an "imminent danger of serious physical injury."[46]  Therefore, in the interests of fundamental fairness, the Court will provide Plaintiff with **30 days** from the date of this order to voluntarily withdraw each case to avoid receiving a strike.[47]

**IT IS THEREFORE ORDERED:**

---

[43] *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989).  *See also Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087-88 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment).

[44] *Kidd v. Dep't of Corr.,* 993 F.2d 883 (9th Cir.1993).

[45] 28 U.S.C. § 1915(g).

[46] *Id.*

[47] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

Case No. 3:23-cv-00052-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00086-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00118-JMK, *Slaikeu v. Deboard, et al.*
Notice of Intent to Dismiss
Page 12 of 13

Case 3:23-cv-00052-JMK   Document 12   Filed 10/17/23   Page 12 of 13

1.     Plaintiff has **30 days from the date of this order** to file a notice of voluntarily dismissal in each action in order to avoid receiving a strike under 28 U.S.C. § 1915(g).

2.     If Plaintiff does not file a notice of voluntary dismissal within 30 days, the Court will dismiss the action and issue a strike without further notice to Plaintiff.

3.     With this order, the Clerk is directed to send: (1) three copies of the Court's Notice of Voluntary Dismissal (form PS09) with one case number added to the top of each form; (2) one copy of the Court's order in Case No. 3:23-cv-00053-JMK at Docket 11; and (3) one copy of the Court's order in Case No. 3:22-cv-00188-RRB at Docket 15.

DATED this 17th day of October, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00052-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00086-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00118-JMK, *Slaikeu v. Deboard, et al.*
Notice of Intent to Dismiss
Page 13 of 13

Case 3:23-cv-00052-JMK   Document 12   Filed 10/17/23   Page 13 of 13