IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JONATHAN SLAIKEU, <br><br> Plaintiff, <br><br> v. <br><br> SGT. H. MCCLENAHAN, *et al.*, <br> SGT. H. MCCLENAHAN, *et al.*, <br> SGT. L. DEBOARD, *et al.*, <br><br> Defendants. | <br><br><br><br><br><br> Case No. 3:23-cv-00052-JMK <br> Case No. 3:23-cv-00086-JMK <br> Case No. 3:23-cv-00118-JMK |

**ORDER OF DISMISSAL**

On October 17, 2023, the Court issued a joint Notice of Intent to Dismiss in the three above-captioned civil actions filed by self-represented prisoner Jonathan Alexander Slaikeu ("Plaintiff").[1] In the interests of fundamental fairness, the Court provided Plaintiff with 30 days to voluntarily withdraw each case to avoid receiving a strike.[2][3] On November 28, 2023, Plaintiff filed a Notice of Intent to Appeal in

---

[1] Case No. 3:23-cv-00052-JMK, Docket 12; 3:23-cv-00086-JMK, Docket 8; Case No. 3:23-cv-00118-JMK, Docket 6.

[2] A voluntary dismissal does not count as a "strike" under 28 U.S.C. § 1915(g).

[3] After three strikes, a prisoner plaintiff may no longer bring suits in federal courts without prepayment of the filing fee unless the prisoner can demonstrate an "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *See also Andrews v. Cervantes*, 493 F.3d 1047, 1051–52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit).

each case.[4]  Because the order challenged was not a final order, the Ninth Circuit Court of Appeals dismissed the appeals for lack of jurisdiction.[5]

Plaintiff failed to comply with the Court's order and instead attempted to proceed "like [his] case was dismissed on time of the 30 day window."[6]  While the Court may act with leniency towards a self-represented litigant, Plaintiff is not excused from the rules that govern court proceedings.[7]  The Court cautions Plaintiff against filing any future claims for which he lacks a sufficient legal or factual basis.  "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."[8]  Should Plaintiff wish to appeal any decision of the Court, he should familiarize himself with the Federal

---

[4] Case No. 3:23-cv-00052-JMK, Docket 13; 3:23-cv-00086-JMK, Docket 9; Case No. 3:23-cv-00118-JMK, Docket 7.

[5] Case No. 3:23-cv-00052-JMK, Docket 14; 3:23-cv-00086-JMK, Docket 12; Case No. 3:23-cv-00118-JMK, Docket 10.

[6] Case No. 3:23-cv-00052-JMK, Docket 13; 3:23-cv-00086-JMK, Docket 9; Case No. 3:23-cv-00118-JMK, Docket 7.

[7] Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, the Alaska Rules of Professional Conduct and all Court orders.  Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order.

[8] *De Long v. Hennessey,* 912 F.2d 1144, 1148 (9th Cir. 1990).

Case No. 3:23-cv-00052-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00086-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00118-JMK, *Slaikeu v. Deboard, et al.*
Notice of Intent to Dismiss
Page 2 of 3

Case 3:23-cv-00052-JMK   Document 15   Filed 01/08/24   Page 2 of 3

Rules of Appellate Procedure, the Local Rules of the Ninth Circuit Court of Appeals,[9] and the applicable caselaw.[10]

**IT IS THEREFORE ORDERED:**

1. Each of the above-captioned cases is **DISMISSED** for failure to state a claim upon which relief could be granted and failure to comply with an order of the Court.

2. All pending motions in these cases are **DENIED as moot.**

3. The Clerk of Court shall issue a final judgment in each case.

4. The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3), has considered whether an appeal of this decision would be taken in good faith and certifies that an appeal would not be taken in good faith for the reasons stated in the Notice of Intent to Dismiss and because there is no arguable factual or legal basis for an appeal.

DATED this 8th day of January, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[9] The most current version of the Federal Rules of Appellate Procedure, Ninth Circuit Rules and Circuit Advisory Committee Notes are available at https://www.ca9.uscourts.gov/rules/.

[10] *Cf. WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997) (A plaintiff "may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained.").

Case No. 3:23-cv-00052-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00086-JMK, *Slaikeu v. Mcclenahan, et al.*
Case No. 3:23-cv-00118-JMK, *Slaikeu v. Deboard, et al.*
Notice of Intent to Dismiss
Page 3 of 3

Case 3:23-cv-00052-JMK   Document 15   Filed 01/08/24   Page 3 of 3